IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANTON SILLAS,<br><br>      Plaintiff,<br><br>v.<br><br>PERCY MEYERS, TAMMY STEVENS, LESLI KLUGE, REBECCA ANDERER, MELISSA OGLE, WEXFORD HEALTH SOURCES INC., DEBORAH KRAMM, and LATOYA HUGHES,<br><br>      Defendants. | Case No. 3:24-cv-01778-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Stanton Sillas, an inmate in the Illinois Department of Corrections, brings this action alleging deliberate indifference to his medical needs, retaliation, and medical malpractice during his incarceration. Sillas again seeks recruitment of counsel because he is not a lawyer, has no formal training in litigation, has not attended any school of law, and cannot depose Defendants. (Doc. 61). Moreover, Sillas states that he is now being housed at a different institution without the help of a law library and law clerk to guide him. *Id.* at 1. Further, Sillas represents that both he and his wife have contacted several law firms and attorney offices with no success in obtaining representation. *Id.* at 1, 3–8.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to

counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Service*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The Court has denied three of Sillas's previous requests for recruitment of counsel. (*See* Docs. 9, 10, 32, 37, 50, 55). After the second motion, the Court found that Sillas met his threshold burden of showing a reasonable attempt to obtain counsel on his own. (Doc. 37). It appears Sillas has since made additional attempts to procure counsel. (Doc. 61, at 3–6). But in denying the previous motions, the Court deemed Sillas capable of representing himself given his well-written and easy-to-understand filings in the litigation thus far. (Docs. 37, 55).

At this time, the Court still finds that recruitment of counsel is unwarranted. Sillas's reasons for seeking counsel—that he is not a lawyer, has no formal training in litigation, and has not attended law school—apply to almost every *pro se* individual

seeking to litigate a claim. No doubt, a lawyer would be helpful to him, but it is a difficult decision as to whether to appoint counsel, "since '[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). In this case, discovery is ongoing and currently slated to end in March 2026. While Sillas proceeds on eight counts against eight defendants, the claims all relate to his medical care while incarcerated. (*See* Doc. 49). Recently, Sillas successfully amended his complaint to add two claims. (*See* Docs. 47, 49). And as the Court has noted before, Sillas's filings have been straightforward and well drafted.

In its Order denying Sillas's third motion for recruitment of counsel, this Court made clear that Sillas needed to attempt to engage in discovery on his own. (Doc. 61). It stated that if issues arose during discovery, Sillas could notify the Court, file a motion for an extension of time, or speak with opposing counsel to reach an agreement on an extended timeline. *Id.* If he continued to encounter issues with law library access, Sillas could petition the Court for an extension of time until his access was restored. *Id.*

Sillas's fourth motion does not materially differ from his third, and he does not make any attempt to explain how his situation has changed. He does not state that any new problems have arisen that would prevent him from conducting discovery on his own. He has not moved for an extension of time or notified the Court of any discovery disputes in the months since his previous motion. And he has not explained why the potential solutions identified by the Court in its previous Order would be futile. In the absence of any reason Sillas's fourth motion for appointment of counsel is different

from his third, the Court sees no reason to reach a different conclusion.

Sillas may move for recruited counsel again in the future, if necessary, but his motion for recruitment of counsel (Doc. 61) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 14, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**